FARHANG & MEDCOFF
4801 E. Broadway Blvd., Suite 311
Tucson, Arizona 85711
Telephone: 520.790.5433

Ali J. Farhang (#019456)
afarhang@fmazlaw.com

Roberto C. Garcia (#026246)
rgarcia@fmazlaw.com

Attorneys for Universal Clearing Solutions LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Universal Clearing Solutions LLC, an Arizona limited liability company,<br><br>       Plaintiff,<br><br>   v.<br><br>USA Technologies, Inc., a Pennsylvania corporation,<br><br>       Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff Universal Clearing Solutions, LLC, for its Complaint against Defendant USA Technologies, Inc., alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.   Plaintiff Universal Clearing Solutions, LLC ("Universal"), is a limited liability company incorporated and operating under the laws of Arizona.  Universal is authorized to conduct business in Arizona and is a citizen of the same.

2.   Defendant USA Technologies, Inc. ("USAT") is a Pennsylvania corporation organized under the laws of the state of Pennsylvania and is a citizen of the same.

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this controversy is between citizens of different states.  Universal is a citizen of Arizona.  Defendant is a citizen of Pennsylvania.

00180334.1

4. Further, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1391(b)(3), venue is proper in this district because USAT is subject to personal jurisdiction in this Court. Specifically, USAT operates in Arizona, ships and/or shipped product to Arizona, and purposefully availed itself of this jurisdiction such that this action proceeding in this Court is appropriate under law.

## GENERAL ALLEGATIONS

6. USAT is in business of providing credit/debit card processing services through the USAT network.

7. Universal is in the business of facilitating credit card processing services to a portfolio of merchants.

8. In or about February 2014, USAT and Universal began to explore a business relationship whereby USAT would admit Universal as a processing aggregator and provide card-processing services to Universal's sub-merchants.

9. USAT represented to Universal that it had sufficient knowledge, processes, and experience to manage the aggregation business contemplated by the parties.

10. Based on these representations, Universal entered into a written agreement with USAT (the "Agreement"), attached hereto as Exhibit A and incorporated herein by this reference.

11. The Agreement generally governs the parties' relationship, but because the Agreement does not contain an integration clause, the parties made additional oral and written agreements.

12. According to the Agreement, USAT was an agent of Universal "in connection with the processing of all card transactions."

13. In order for USAT to provide services to Universal's sub-merchants, it was necessary, and USAT promised Universal, to establish and configure a unique business descriptor for each sub-merchant.

00180334.1

14. Business descriptors appear on a cardholder's statement and, generally, consist of the merchant's name (often referred to, as "dynamic d/b/a"), the merchant's category code indicating the merchant's business activity, and the merchant's telephone number.

15. The descriptors allow card issuing banks and cardholders to identify the merchant and contact the merchant in the event of a dispute.

16. USAT understood accurate descriptors were critical to any processing operation, as incorrect or ambiguous descriptors would create unnecessary disputes and chargebacks, as there would be no clear means for cardholders and issuing banks to identify the transactions.

17. USAT failed to set up accurate descriptors for any of Universal's sub-merchants that were boarded with USAT.

18. Inaccurate descriptors resulted in chargebacks.

19. Pursuant to the Agreement, and as the only merchant of record with the acquiring bank, USAT was responsible for providing notices of chargebacks to Universal and its sub-merchants.

20. USAT failed to provide timely notifications of chargebacks to Universal and its sub-merchants, vitiating sub-merchants' ability to respond to and defend chargebacks.

21. USAT assured Universal that Universal would not be responsible for chargebacks caused by inaccurate descriptors.

22. On or about August 30, 2014, USAT acknowledged its inability to manage chargebacks and provided written assurance that Universal would not be responsible for chargebacks related to erroneous descriptors and chargebacks that were not timely reported.

23. USAT failed to reimburse Universal for the losses related to chargebacks caused by inaccurate descriptors and late reports.

24. On or about October 17, 2014, because of USAT's fundamental failure to perform under the Agreement, Universal had no choice but to terminate all processing activity with USAT for substantial cause.

00180334.1

- 3 -

## COUNT I
### (Breach of Contract)

25. Plaintiff incorporates herein by this reference each and every preceding paragraph as though fully set forth herein.

26. The Agreement is a valid and enforceable contract.

27. Universal performed on all of its obligations under the Agreement.

28. USAT breached the Agreement by, without limit, failing to set up proper business descriptors and handle chargebacks with reasonable diligence.

29. USAT further breached the Agreement by failing to reimburse Universal for losses related to chargebacks.

30. As a result of the aforementioned breaches, Universal suffered damages in an amount not less than $200,000.

31. Pursuant to A.R.S. §§ 12-341 and 12-341.01, Universal is entitled to its attorneys' fees and costs incurred because of USAT's breaches.

## COUNT II
### (Breach of Fiduciary Duty)

32. Universal incorporates herein by this reference each and every preceding paragraph as though fully set forth herein.

33. Pursuant to the Agreement, USAT was the agent of Universal "in connection with the processing of all card transactions."

34. As an agent of Universal, USAT owed fiduciary duties to Universal, including fiduciary duties of care, loyalty, and good faith.

35. USAT breached its fiduciary duties to Universal when USAT failed to set up proper business descriptors and handle chargebacks with reasonable diligence.

36. Because of USAT's breach, Universal suffered damages in an amount to be determined at trial, but in no event less than $200,000.

/ / / /

/ / / /

00180334.1

**WHEREFORE**, Universal prays that this Court:

A. Enter judgment in favor of Universal and against USAT in an amount necessary to remedy the damages complained of herein, such amount to be determined at trial, but in no event less than $200,000;

B. Award Universal its prejudgment and post-judgment interest on such damages at the maximum rate allowed under law;

C. Award Universal its attorneys' fees and costs incurred in this action pursuant to A.R.S. §§ 12-341 and 12-341.01; and

D. Provide to Universal any other relief the Court deems just and proper.

DATED this 26th day of January, 2015.

FARHANG & MEDCOFF

By /s/ Ali J. Farhang
    Ali J. Farhang
    Roberto C. Garcia

Attorneys for Universal Clearing Solutions LLC

00180334.1

- 5 -